**DUNN v. PARKER et al.**

Civ. No. 18866.

United States District Court for the District of Columbia.

June 22, 1943.

Ralph A. Cusick, of Washington, D. C. for plaintiff.

Charles F. Wilson, of Washington, D. C., for defendant William A. Parker.

PINE, District Judge.

In this action, plaintiff seeks to establish a lien upon a fund held by the Secretary of

the Treasury, defendant herein, for the benefit of one Parker, also defendant herein. He also seeks injunctive relief and specific performance of an agreement between himself and defendant Parker.

Defendant Secretary of the Treasury has been served with process, and has answered. Defendant Parker has not been personally served, but an Order of Publication has been entered by this Court, which has been published pursuant thereto.

Defendant Parker has moved to vacate the Order of Publication against him, and has moved to dismiss the action. He claims that he has not been personally served with process, and that this Court lacks jurisdiction of the subject matter, in that the alleged lien relied upon by the plaintiff cannot be enforced because of the provisions of Sec. 9(b) of the Settlement of Mexican Claims Act of 1942, Public No. 814, approved December 18, 1942, 22 U.S.C.A. § 668(b), which provides that payments thereunder shall be made only to the person or persons on behalf of whom an award or appraisal is made, with certain exceptions which do not exist in this case.

In view of the prohibitions of this statute, the rule announced in Jones v. Rutherford, 26 App.D.C. 114, and frequently approved thereafter, more recently in Morgenthau v. Fidelity and Deposit Co. of Maryland, 68 App.D.C. 163, 94 F.2d 632, relied on by plaintiff, is inapplicable to this case. I am therefore of the opinion that plaintiff's action, so far as it relates to, or is based upon, the establishment of a lien, does not come within the purview of Sec. 13—108, D.C.Code 1940, providing for publication as to non-residents, as interpreted and applied in the cases above mentioned. The Motion to Vacate the Order of Publication should therefore be granted.

However, the complaint is not predicated solely on the establishment of a lien, but seeks an injunction and specific performance against defendant Parker personally; and, if he should be personally served, this Court would have jurisdiction to give appropriate relief. The fact that he has not been served personally since the action was filed on March 4, 1943, is not conclusive that he will not be served personally in the future, and therefore the Motion to Dismiss the action should not be granted as to defendant Parker.

Defendant Secretary of the Treasury has asserted in his answer defenses included in Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., but has not moved for a hearing and determination thereof as contemplated by Rule 12(d), F.R.C.P., and therefore no decision is made thereon at this time.

Counsel will prepare appropriate order.